UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

FILED
ASHEVILLE, N.C.

JAN -8 2009

U.S. DISTRICT COURT
W. DIST. OF N.C.

1:07CR103

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | PRELIMINARY ORDER OF |
| v. ) | FORFEITURE |
| ) | SUBSTITUTING PROPERTY |
| MERRILL RUPPE ) | FOR MONEY JUDGMENT OF |
| ) | $60,831.00 |
| Defendant. ) | |
| ) | |
| ) | |

The United States of America, pursuant to Rule 32.2 (b) and (e) of the Federal Rules of Criminal Procedure, and Title 21, United States Code, Section 853(p), has moved to amend the order of forfeiture previously issued in this case to include certain property of defendant Merrill Ruppe, a/k/ Merrill Marie Ruppe, as substitute property. In consideration of the Motion together with its Exhibits, the Memorandum of Law in support thereof, and the entire record in this matter, the Court finds as follows.

On March 11, 2008, the Court entered a Consent Order and Judgment of Forfeiture for a money judgment in favor of the United States in the amount of $60,831.00 which amount represented the value of the proceeds of the offense for which the defendant was convicted..

The Court finds that, because of the acts or omissions of the defendant(s), the defendant has not paid the money judgment, and the $60,831.00 representing the proceeds of the offense are no longer available for forfeiture for one or more of the reasons set forth in Title 21, United States Code, Section 853(p).

As a result, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853(p), the United States is entitled to an order forfeiting other property of the defendant as a substitute for the unavailable property ordered forfeited. Accordingly, it is hereby **ORDERED** that all right, title and interest of defendant Merrill Ruppe in the following property is hereby forfeited to the United States:

- a. Proceeds, estimated to be $105,000.00, of the sale of real property at 100 Meadow Lark Lane, Grover, Cleveland County, North Carolina, by the defendant to Dennis Coleman, her ex-husband, on September 12, 2008, as described in a deed at Book 1561, Page 473, of the Cleveland County Public Registry.

- b. Real property, with a tax value of $10,947.00, owned by the defendant at 106 Meadow Lark Lane, Grover, Cleveland County, North Carolina, since December 13, 2002.

- c. Real property, with a tax value of $11,689.00, owned by the defendant at 110 Meadow Lark Lane, Grover, Cleveland County, North Carolina, since December 13, 2002.

- d. Real property, with a tax value of $12,459.00, owned by the defendant at 113 Meadow Lark Lane, Grover, Cleveland County, North Carolina, since December 13, 2002.

- e. Real property, with a tax value of $11,103.00, owned by the defendant at 116 Meadow Lark Lane, Grover, Cleveland County, North Carolina, since December 13, 2002.

- f. Motor vehicle, a 1981 Chevrolet Corvette, with an estimated value of $4,100.00, registered to the defendant in Cleveland County, North Carolina.

The United States has not requested a warrant of seizure. However, the Court now **ORDERS** that the defendant Merrill Ruppe shall not sell, mortgage, borrow against, give away, or otherwise alienate the forfeited property described above.

It is further **ORDERED** that Pursuant to Fed. R. Crim. P. 32.2(b)(3) and 18 U.S.C. § 853(m), the United States may conduct discovery, including depositions and production of documents, in identifying, locating, and disposing of the property herein ordered forfeited.

It is further **ORDERED** that the United States shall, promptly after the seizure of said property, initiate proceedings necessary to protect any third party interests in the substitute property, pursuant to and in accordance with Rule 32.2(e) of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853(n), prior to requesting entry of a final order of forfeiture with respect thereto.

It is further **ORDERED** that upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to Title 21, United States Code, Section 853(n) in which all interests will be addressed. If no claims are filed within 30 days of the final publication or receipt of actual notice, whichever is earlier, then, pursuant to Title 21, United States Code, Section 853(n)(7), the United States will move for a final order of forfeiture, and the United States Marshals Service, or any duly authorized law enforcement official, shall dispose of the property forfeited hereunder according to law.

This the 8th day of January, 2009.

_____
THOMAS SELBY ELLIS, III
UNITED STATES DISTRICT COURT JUDGE